**ELLERD v. BURKHALTER. (No. 1692.)\***

(Court of Civil Appeals of Texas. El Paso.
Feb. 5, 1925. Rehearing Denied
Feb. 19, 1925.)

**1. Exceptions, bill of ⬤═39(2)—Bills filed within time limited by court's order seasonable.**

Bills of exceptions filed within time limited by court's order, under Rev. St. art. 2073, *held* seasonable.

**2. Appeal and error ⬤═1061(2)—Delaying ruling on objection during trial to petition harmless.**

Any error in reserving, for a day, ruling on defendant's motion to dismiss action, in substance a demurrer to the petition, made at opening of trial, even if defendant, not having excepted to the pleading before trial, was in position to complain of the delay, was harmless; defendant suggesting no injury sustained by him therefrom.

**3. Appeal and error ⬤═959(3)—Pleading ⬤═236(3)—Trial amendment in court's discretion not reviewable, except for abuse, not existing when occasioned by other party's delay.**

Permitting filing of trial amendment is within trial court's discretion, not reviewable, unless abuse of such discretion is shown, which is not the case where the situation was produced by defendant's failure to except to the petition till the trial.

**4. Pleading ⬤═252(1)—Objectionable allegation cured by amendment omitting it.**

Vice of an objectionable allegation in petition is cured by amendment omitting it.

**5. Contracts ⬤═97(1)—No rescission after ratification with knowledge of fraud.**

One having ratified a contract with knowledge of fraudulent representations cannot rescind on account thereof, but only sue for damages.

**6. Appeal and error ⬤═1056(2)—Any error in exclusion of evidence as to fraud harmless in view of showing of ratification.**

Any error in exclusion of defendant's evidence as to fraud was harmless; the issues in respect thereto becoming immaterial by showing that defendant, who only sought to rescind, ratified contract after knowledge of the fraud.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by D. W. Burkhalter against Reuben M. Ellerd and others. Judgment for plaintiff, and the named defendant brings error. Affirmed.

See, also, 266 S. W. 582.

W. T. Brothers, of El Paso, for plaintiff in error.

J. F. Weeks and Julian P. Harrison, both of El Paso, for defendant in error.

HIGGINS, J. [1] Since the overruling of the motion to dismiss, additional motions have been filed by the respective parties, none of which present any merit, and the same are overruled. The only phase of any of the motions upon which there is any occasion to comment is the objection by defendant in error to the consideration of the bills of exception; it being asserted that they were not filed in time. The force of this objection is not apparent in view of the fact that the bills were filed within the time limited by the court's order of September 6, 1924. Article 2073, R. S.; Hamill v. Samuels, 104 Tex. 46, 133 S. W. 419; City of Aransas Pass v. Eureka, etc. (Tex. Civ. App.) 227 S. W. 330.

As indicated in the opinion heretofore rendered upon the motion to dismiss, Reuben Ellerd alone prosecutes this writ of error, and the appeal presents for review only the judgment rendered against him in favor of Burkhalter. For the disposition of the appeal the following statement of the nature and result of the suit, as it relates to those parties, will suffice:

The suit was brought by Burkhalter against Reuben and Truman Ellerd to recover upon two notes executed by the latter, payable to Burkhalter for the aggregate sum of $6,000, and to foreclose a mortgage given to secure the payment of the notes upon a lease of the Great Northern Hotel and the furniture, fixtures, etc., in such hotel; it being alleged that the notes were given in part payment for such lease, furniture, etc., which on March 31, 1923, was sold by Burkhalter to Reuben Ellerd, who was the real purchaser of the property, but by agreement between the parties the lease and furniture was conveyed to Truman Ellerd.

Truman Ellerd answered, alleging that he was the real purchaser; that Reuben Ellerd signed the notes as his surety; that he was a minor at the time but his disability as such had been removed by the district court on June 24, 1923; that he purchased the lease, furniture, etc., for the sum of $9,000, of which amount $3,000 was paid by a law library sold and delivered to Burkhalter at an agreed value of $3,000, and the balance by the execution of the notes sued upon; that he was induced to purchase the lease, furniture, etc., by false and fraudulent representations made to him by Burkhalter as to the value of the hotel property and its earning capacity; that after the removal of his disabilities as a minor he repudiated the transaction. Wherefore he sought to rescind the contract and to recover back the library and to cancel the notes sued upon.

Reuben Ellerd, in substance, answered that he signed the notes as surety for his son, Truman Ellerd; that he advised his son to purchase the hotel property, relying upon the friendship of Burkhalter and the latter's

false representations as to the condition and value of the hotel property and its earning capacity.

On November 13, 1923, Burkhalter filed a supplemental petition, in which it was alleged that the preliminary contract of sale was between himself and Reuben Ellerd; but at the latter's request the property was conveyed to Truman Ellerd, because of certain unsatisfied judgments against Reuben Ellerd. It also alleged that, subsequent to the removal of the minority disabilities of Truman Ellerd, the latter had ratified and confirmed the sale.

The case came on for trial on December 13, 1923, and continued for several days. All issues of fact were submitted upon special issues and found in favor of Burkhalter, and judgment rendered in his favor.

By bill of exception it is shown that:

"The defendants, when this case was called for trial, made a motion to dismiss the case for the reason that plaintiff's supplemental petition alleged fraud and collusion on the part of the plaintiff and the defendant Reuben M. Ellerd, in that they had executed the bill of sale to the hotel in the name of Truman Ellerd, instead of Reuben M. Ellerd so as to prevent the creditors—judgment lienholders—from running executions on the property. The court refused to rule on the motion at that time, saying that it would be taken under advisement, and directed it to be reduced to writing and presented later, which was done at the noon hour, the court again taking it under advisement, and on the following morning overruled the motion and permitted plaintiff to amend the said pleading. The motion was in substance as follows:

" 'Mr. Brothers: We move that this case be dismissed for the reason that plaintiff in his supplemental petition shows that this transaction was consummated in the name of Truman Ellerd, a minor son of the defendant, Reuben M. Ellerd, in order to prevent the judgment creditors of the said Reuben M. Ellerd from running execution thereon and getting satisfaction of their judgments. This shows fraud and collusion participated in by the plaintiff, and because of it he should not be granted any relief in a court of equity.'

" 'The Court: The motion will be overruled.' (Ruling made on the morning of the second day of the trial.)"

On December 14, 1923, the plaintiff under leave of court filed a trial amendment to his supplemental petition, whereby those allegations were eliminated upon which the motion to dismiss was predicated.

[2] It is asserted the court erred in refusing to promptly act upon the motion to dismiss after it had been reduced to writing and presented, and further erred in thereafter permitting the plaintiff to amend the supplemental petition by omitting therefrom the allegations upon which the motion was predicated. While styled a motion to dismiss the objection was in fact a demurrer to the petition. The case was in the district court,

where the pleadings are required to be in writing, and the plaintiff in error was himself in fault in not having reduced to writing his exception to the petition, presented the same to the court and invoking action thereon before the case had proceeded to trial upon its merits. Having been dilatory himself, he is scarcely in a position to complain of the failure of the court to halt the trial upon its merits to act upon an exception which should have been theretofore submitted and disposed of. Furthermore, it is a common practice to reserve action upon demurrers, and, while it is contrary to the rules, yet such action by the trial court is not ground of reversal, unless the party complaining has been in some way prejudiced. Plaintiff in error does not suggest any injury sustained by him in connection with the court's action in reserving his ruling upon the exception, until the second day of the trial, and none is apparent. In this condition of the record the error, if any, in the court's failure to act promptly upon the exception when submitted is harmless.

[3, 4] As to the alleged error in permitting the filing of the trial amendment, it is well settled that this is a matter resting within the discretion of the trial court, and its action will not be revised, unless an abuse of such discretion is shown. None is here shown. Upon the contrary, it is quite apparent that the situation was produced by the failure of the plaintiff in error to present his exception to the petition prior to the time the case proceeded to trial upon its merits. It is further asserted that the court erred in failing to dismiss the suit, after the amendment of the supplemental petition had been filed, because the objectionable allegations, having been once made the vice thereof, could not be cured by an amendment omitting the same. We know of no rule of Texas pleading of that kind. From what has been said, we do not desire to be understood as holding that the exception to the petition was well taken. We incline to the view that it was without merit, but a decision of the question is unnecessary, because the trial amendment eliminated the allegations against which the exception was leveled.

[5, 6] There are a number of assignments complaining of rulings upon evidence. The evidence all related to the issue of fraud alleged by the Ellerds. Error, if any, in this respect is harmless in view of the unchallenged finding that, subsequent to the removal of the minority disability of Truman Ellerd, he ratified the notes and mortgage and the pleadings and testimony of Truman Ellerd and his adviser, Reuben Ellerd, showing that prior to such ratification they became fully advised of the alleged falsity of Burkhalter's representations concerning the value of the hotel property and its earning capacity.

A party who has been induced to make a contract by fraud has the choice of two remedies. He may affirm the contract and sue for the damages sustained by the fraud, or he may rescind the contract and recover back what he paid. But, if he ratifies the contract with full knowledge of the fraud practiced upon him, it becomes as binding upon him as though it had been originally free from the vitiating element (Wells v. Houston, 29 Tex. Civ. App. 619, 69 S. W. 183), and he cannot thereafter rescind, though he may maintain an action for the damages sustained (Grabenheimer v. Blum, 63 Tex. 369).

The defense interposed in this case by Truman Ellerd was simply to rescind. He did not seek to set off against the notes sued upon any damages sustained by the fraud, and by his ratification of the contract after the removal of his disabilities, and with full knowledge of the alleged fraud practiced upon him, he lost his right to rescind. Upon this state of facts and the record, judgment in Burkhalter's favor upon the notes was properly rendered, and the issues with respect to the original fraud became immaterial. Since those became immaterial, any error with respect to evidence affecting the same becomes harmless and affords no ground for reversal.

What has been said disposes of all questions presented by the plaintiff in error.

Finding no reversible error, the judgment is affirmed.