**GRIFFITHS v. TRAVIS et ux.**

No. 12092.

Court of Civil Appeals of Texas. Dallas.

Jan. 16, 1937.

Rehearing Denied Feb. 27, 1937.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for plaintiff in error.

Renfro, McCombs & Kilgore and Searcy L. Johnson, all of Dallas, for defendants in error.

BOND, Justice.

Mrs. E. A. Griffiths, a feme sole, filed this suit on January 27, 1933, in a district court of Dallas county against Olin Travis and wife, Katheryne Hail Travis, on a promissory note. The material allegations, in so far as are pertinent here, show that, on April 4, 1925, the defendants executed and delivered to plaintiff one promissory note in the principal sum of $4,500, payable in 60 monthly installments of $75 each, the first installment being due and payable on or before the first day of May, 1925, and one installment due each month thereafter until payment in full of the total amount of principal and interest; said note to bear interest from date at the rate of 8 per cent. per annum and "each installment regularly becoming due and unpaid on the first day of each successive month, beginning May 1, 1925, interest likewise being due and unpaid on such dates."

The defendants filed separate answers: Defendant Olin Travis defended on the grounds that the note sued on provides for acceleration of maturity in default in payment of any installment when due, and in accordance therewith, plaintiff, on September or October, 1928, accelerated the maturity of the note and all installments not then due, thus, the action was barred by the four-year statute of limitation; and the defendant Katheryne Hail Travis defended on the ground of coverture.

Trial was had to a jury and, on an affirmative finding that the plaintiff had declared all the installments of the note due in 1928, the trial court entered judgment that plaintiff take nothing as against both defendants.

Before the trial commenced, the defendants filed an admission "that the plaintiff has a good cause of action, as set forth in her petition, except so far as it may be defeated in whole or in part by the facts of their answer constituting a good defense, which may be established on trial," thereby sought and, over the objection of plaintiff, was granted the right to open and conclude in adducing the evidence and argu-

ing the cause, as provided in rule 31 of the district and county court rules. At the conclusion of the evidence, plaintiff moved for instructed verdict and again moved for judgment notwithstanding the verdict; both motions were overruled.

It will be observed that the allegations of plaintiff's petition recite no provision for the acceleration of maturity of the note or any unmatured installment or interest, in default of such installments that become due. Obviously, plaintiff declares in her petition that each installment of the note was due on the successive dates of maturity, and makes no mention of any right of ·acceleration, thus, in the absence of such a provision, the payee in said note would be unauthorized to declare all the installments due in 1928, so as to make the four-year statute of limitation effective as to such installments not then due.

The record in this case does not reveal that any such right of acceleration existed, thus, the installments maturing during the four years immediately preceding the filing of the suit were not barred by the statute of limitation and, manifestly, in the absence of an agreement, plaintiff had no right to declare such installments due before their maturity date, as provided in the note. Therefore, the issue and findings of the jury, that plaintiff declared all installments due in 1928, establishes no ultimate issue of fact as a basis for the judgment entered by the trial court.

Furthermore, if plaintiff had been granted the right of such acceleration, which is not revealed by the record, the defendants' admission that plaintiff's allegations to the effect that the installments were due on the successive dates mentioned in the petition would not have admitted evidence to the contrary and accord to the defendants the right to open and conclude the proof and argument.

Rule 31 (142 S.W. p xx) provides that: "The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

The admission of the defendants, we think, was an unqualified and unrestricted confession that the successive installments declared on matured on the dates when each is shown to have become due, without any right of acceleration; the admission must be construed to mean that defendants admit every fact alleged in plaintiff's petition, which was necessary for the plaintiff to prove in the first instance. One of the facts alleged by plaintiff, and which she was required to establish, was that each installment was then due, showing the date on which they became due. Recognizing this burden, plaintiff amended her petition in compliance·with the defendants' exceptions thereto, to show that the installments were due on successive dates mentioned in her petition, thus, in effect, alleging that there was no acceleration of maturity. Therefore, we conclude, under such circumstances, the defendants were not privileged to open and close the case as is provided under the above rule, and the action of the court in permitting the defendants to open and conclude the proof and argument justifies a reversal of the cause.

As this cause must be reversed for reasons above stated, we forego any expression on the action of the trial court in refusing to allow plaintiff to file a trial amendment. Trial amendments are usually addressed to the discretion of the trial court, reviewable only on the abuse of such discretion. The matters here complained of will likely not arise on another trial.

Reversed and remanded.

### On Rehearing.

Defendants in error have called our attention to an agreement of the parties in suit appearing in the record: "That the evidence was in conflict and was sufficient to go to the jury as to whether or not Tom Griffiths declared all of the installments on the note in question due in 1928," thus challenging our finding that the record does not reveal that a right of acceleration existed in plaintiff to declare all of the note due, and that there was sufficient evidence to support the finding of the jury that plaintiff had so declared all installments due in 1928. In view of the related agreement, we adopt the findings of the jury as the

findings of this court on the issue involved and to that extent the original opinion is corrected.

This observation leads us to further consider plaintiff in error's assignment, based upon the action of the trial court in refusing to allow her to file a trial amendment bringing into the case an issue raised by the testimony of defendant Olin Travis to the effect that, between the time the note was declared due and the filing of the suit, he had been absent from the state for more than twelve months; thus tolling the statute of limitation.

■ Trial amendments usually arise in the rush of trial, due to matter overlooked in pleadings or suggested for the first time on introduction of evidence. The filing of such amendments are addressed to the discretion of the trial court, reviewable only on the abuse of such discretion, and where a proffered amendment is attended with inexcusable delay as to cause surprise to the other side, by injecting new and independent issues in the case, and thereby effect an unreasonable postponement or delay of trial, the trial court ordinarily would be justified in refusing to allow the filing of such amendment.

■ The four-year statute of limitation, in bar of plaintiff's debt, was specially pleaded by the defendant Olin Travis, and on the trial it became the primary issue involved. So, to toll the statute of limitation, it was incumbent upon the plaintiff to plead and prove that the defendant was beyond the limits of Texas for a sufficient length of time to except such period from the four years intervening between the accelerated due date of the note as found by the jury (September, 1928) and the filing of the suit on January 27, 1933.

■ The absence of the defendant from the state was peculiarly within the knowledge of said defendant, and his own testimony suggested the filing of the amendment. Obviously, under such circumstances, the proffered amendment would have raised no controverted issue of fact for the determination of the jury would have worked no surprise or caused delay in the trial of the case. The amendment and admission would have merely raised a question of law, determinable by the court, excepting from the four-year statute of limitation the period of defendant's sojourn from the state. Indeed, plaintiff's attorney may have been negligent, inexcusably tardy in offering the amendment, he having waited until

the jury was about to turn in its verdict, yet the matter presented was of such a nature that it could not have effected the controverted issue of fact submitted to the jury, would have delayed the trial but a few minutes, if any, and certainly would have caused no surprise to the adverse side. So, we think the ends of justice required that the plaintiff be permitted to file the trial amendment and that the action of the trial court in the premises was reversible error.

Motion for rehearing is overruled.