260

**FORT WORTH & D. C. RY. CO. v. LARSON.**

No. 14478.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 5, 1943.

Rehearing Denied March 12, 1943.

Thompson & Barwise, of Fort Worth, for appellant.

Simpson & Harrison, of Fort Worth, for appellee.

SPEER, Justice.

C. A. Larson sued Fort Worth and Denver City Railway Company for breach of an alleged oral contract of employment during the remainder of his natural life. Upon a jury verdict judgment was entered for plaintiff (Larson), and defendant (Fort Worth and Denver City Railway Company) has appealed.

Defendant seeks reversal and rendition of a judgment in its favor upon several points based on its assignments of error. They are, substantially: (1) Error of the court in refusing to give its requested peremptory instruction, (2) error in refusing to enter judgment for defendant upon its motion to disregard all special issue jury findings except one, (3) improper argument of opposing counsel in four specified instances, and (4) error of the court in entering judgment for a greater amount than that found by the jury.

Only the first two points are relied upon for rendition of judgment by us. We have concluded that these points must be sustained.

The petition alleged that plaintiff sustained serious personal injuries while in the employ of the defendant during December, 1930; that in June, 1932, he made a settlement with the company upon a basis of $5,000 in cash (evidently meaning $6,000) and was to be given a job in the defendant's service during the remainder of his natural life; that he accepted the employment and continued thereafter to work for defendant until September 30, 1941, when he was advised by defendant that he would no longer be employed. Allegations were made as to plaintiff's age, ability to labor and the value of services he was capable of performing along the line in which he had been engaged. That because of the breach of the contract of employment, he had suffered damages in the sum of $55,000.

Defendant pleaded a general denial and specially that no oral agreement of any kind or character relating to future employment was made by it, but that the only agreement made between the parties was one whereby defendant would pay plaintiff $6,000, in full and complete settlement of his claims against defendant, resulting from the injuries sustained by him. It alleged that in keeping with its agreement, it did in fact pay to plaintiff said $6,000 in money on June 16, 1932, and took his written release of all liability of defendant growing out of the injuries sustained. Defendant pleaded the terms of the written instrument and attached a copy thereof, making it a part of the answer. The document recites that plaintiff has received from the defendant $6,000, in full discharge of liability, settlement and satisfaction of plaintiff for injuries sustained by him at the time alleged in his petition. The instrument also contains this provision: "No promise of employment, nor other agreement not herein expressed, has been made by the said Fort Worth and Denver City Railway Company, nor by any of its agents, officers, servants, representatives or employees." Defendant prayed that plaintiff take nothing against it.

By supplemental petition in reply to defendant's answer, plaintiff pleaded that the release and its contents, above quoted, were not binding on him because: "The defendant fraudulently concealed from plaintiff the fact that the instrument of release contained such recitation or statement (referable to the part above quoted by us) and falsely and fraudulently represented· to plaintiff that the instrument which he was asked to sign was nothing more than an agreement to release the defendant from liability on account of the accident and injury described in plaintiff's petition; and the plaintiff alleges he did not know at the time he signed the said paper that the recitation above mentioned was incorporated into the paper or was a part thereof." There are further allegations ·that plaintiff expected to sign a release of his claim when paid and that upon being advised that the paper was a release of his claim for damages and reposing utmost confidence in the integrity of defendant's agent, he signed it without seeking to read it; that said statement therein, to the effect that no promise had been made by defendant for employment of plaintiff, was false and if he had known it contained that statement he would not have signed it.

The substance of plaintiff's testimony, taken in its most favorable light to him, is: That he received serious injuries at the time alleged, while in the employ of defendant; that over a period of nearly two years he had been negotiating with defendant's representatives for a settlement, to consist of a cash payment and the assurance of being continued in the employment of the company during the rest of his life; that he was very much interested in future employment to enable him to support his family. Defendant had offered him various sums during that period, but those with whom he had talked told him he would have to see Mr. Farrington, Vice-President and General . Manager, about employment; that he did finally see Mr. Farringtonͺ and reached a settlement agreement of $6,000 and employment the rest of his life; that he accepted the money and went to work at a different kind of employment and continued such for several years, until in September, 1941, when he was notified that the position held by him had been abolished and that his services would be no longer needed. He said that at the time the payment was made he was advised to meet a representative coming to Wichita Falls on a certain train; he did this and that the representative told him he had his check; ·that the representative gave him a check and pre-

sented him with an instrument to sign, which was represented to be a release; he signed the instrument without reading it, because he expected to sign a release of his damages; the representative took the paper back immediately after it was signed and put it in his pocket; that he did not know it contained the matter about no agreement of future employment; if he had known that, he would not have signed it; that he then took the check to the bank and cashed it. All testimony by plaintiff relating to plaintiff's lack of knowledge of what was in the instrument and that he would not have signed it if he had known it contained the provision about employment was objected to by defendant because it tended to vary the terms of the instrument. The court overruled the objections.

The instrument, admittedly signed by plaintiff, was introduced in evidence and is before us. On its face, it appears to be a combination of sight draft on defendant for $6,000 and a release covering all liability of defendant for damages occasioned by the injuries sustained by plaintiff. It also contains the provisions as to there being no promise of employment made by defendant and that there are no other agreements or promises between the parties than those set out therein—the identical language pleaded by defendant above quoted.

Counsel for plaintiff admitted upon the trial that there was no check issued in addition to the instrument offered in evidence, and that it was the only thing that was issued.

As we view this uncontradicted testimony and admission, plaintiff signed the instrument and took it into his own possession and kept it until he presented it at the bank for deposit; otherwise he would have had nothing to present to the bank. The instrument cleared through banking channels and defendant paid it. In such circumstances we see no semblance of fraud, such as that alleged by plaintiff. The agent of defendant certainly did not withdraw the paper and put it back in his pocket after plaintiff had signed it, or in any other way prevent plaintiff from reading and understanding its contents. Plaintiff had possession of it from the time he signed it until he chose to take it to the bank for deposit. The jury found in response to Special Issue No. 7 that plaintiff had a reasonable opportunity to read the instrument before cashing it. After the court had refused to submit defendant's requested peremptory instruction, and had received a jury verdict on special issues, defendant moved the court to disregard all jury issue findings except No. 7, mentioned above, and to enter judgment in its behalf; this motion was denied, and judgment was entered for plaintiff on the verdict.

■■ It is the settled law in this state that in the absence of fraud, accident or mutual mistake, parol evidence is inadmissible to contradict the terms of a written instrument. We recognize another rule to the effect that where the writing does not purport to be complete within its own terms, or is ambiguous, or in some instances where it is silent on a controverted point, parol evidence may be offered to supply its imperfections, explain its ambiguity or to supply those things about which it makes no declaration. Neither of those exceptions was alleged or claimed by plaintiff to be in this case, nor does the evidence disclose their presence. The instrument clearly states that there are no other agreements not expressed in it and that no promise of employment was made by defendant. Before parol testimony could be offered to contradict its terms, it must appear from the pleadings and testimony that there was fraud, accident or mistake in its execution. We have pointed out the pleading made in this respect, but there is a lack of any testimony tending to establish the fraud alleged. We note also that plaintiff did not request it, nor did the trial court submit any issue to the jury on that point. If such a charge had been given it would have been without evidence to authorize it and no evidence of fact for the jury to pass upon.

■ If plaintiff had read the instrument he would have seen therein the provisions of which he now complains and assuredly would have been bound by them. It is equally certain that the reason he did not read it while in his possession and learn its contents cannot be charged to any fault or fraud of the defendant. Although he did not read it, as testified by him, if his failure to do so was without fault of defendant he would be bound by its terms in the same manner as if he had read it and signed it with the provisions in it. ·

As we understand the contention of plaintiff, it is claimed that the provision in the release about no promise of em-

ployment is only an evidentiary matter and refers to no contractual relation, but is in the nature of a declaration against interest and subject to rebuttal; that it was no part of the contract between the parties. He makes no effort, however, to explain why it further recited that there were no other agreements between the parties than those therein incorporated. In support of the contention he relies upon such cases as Geyser Ice Co. v. Sharp, Tex.Civ.App., 87 S.W.2d 883; Texas Central Ry. Co. v. Eldredge, Tex.Civ.App., 155 S.W. 1010, writ refused; and East Line & Red River Ry. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 13 Am.St.Rep. 758. We have carefully studied each of these cases and without here analyzing them, we do not think they reach the point at issue.

 The instrument involved here is more than a receipt for the money paid by defendant. It includes the terms of a purported contract and may not be contradicted by parol evidence. It does not come within the rule permitting parol evidence to explain or controvert written receipts. Lanes, Boyce & Co. v. Squyres & Inglehart, 45 Tex. 382. This has been the settled rule since 1876.

There is another rule as old as our jurisprudence, to the effect that all oral agreements made prior to a writing will be presumed to have been merged into the written instrument subsequently executed. Especially is this true when, as in this case, the writing negatives the making of any oral agreements not embodied in the instrument. Jones & Carey v. Risley, 91 Tex. 1, 32 S.W. 1027; Wigmore on Evidence, sect. 2430; McCormick & Ray, sect. 735.

Our courts have not departed from this well established principle. Distributors Investment Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47; Super-Cold Southwest Co. v. Elkins, Tex.Sup., 166 S.W.2d 97. Analogous in many respects to the facts in the case before us and the conclusions herein expressed are the cases of Matlock v. G., C. & S. F. Ry. Co., Tex.Civ.App., 99 S.W.2d 1056, writ dismissed; Panhandle & S. F. Ry. Co. v. O'Neal, Tex. Civ.App., 119 S.W.2d 1077, writ refused; Texas & Pacific Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591.

We conclude that there was no competent evidence before the court that the fraud pleaded by plaintiff existed in procuring the release in question, and that since the instrument was complete and unambiguous and negatived the presence of any other agreements previously made not embodied in the release, and that no agreement for future employment had been had, the trial court should have given the requested peremptory instruction requested by defendant. Having refused to give the peremptory instruction, he should have sustained the motion to disregard the special issue jury findings except that of No. 7, and enter judgment thereon for defendant. Rule 301, Rules Civil Procedure.

In view of these conclusions, we express no opinion on the assignments of error raising the question of improper argument and the alteration by the court of the amount found by the jury. These matters become immaterial in the disposition we have made of this appeal. The judgment will be reversed and judgment here entered that plaintiff take nothing against defendant, and that defendant recover its costs. It is so ordered.