**ROY KLOSSNER COMPANY, Appellant,**

v.

**F. B. McINTIRE et al., Appellees.**

**No. 13121.**

Court of Civil Appeals of Texas.

San Antonio.

March 20, 1957.

House, Mercer & House, San Antonio, for appellant.

Clifton & Tynan, San Antonio, for appellees.

POPE, Justice.

This case concerns the force of contractual clauses which expressly exclude all parol evidence, when it is alleged that the contract was induced by fraud. Roy Klossner Company, hereafter called lessor, sued F. B. McIntire and F. B. McIntire Construction Company, hereafter called lessee. Lessor sued upon a written lease contract to recover the cost of repairs to a crane it leased to lessee for use on a construction job. Lessee cross-acted for damages it claimed by reason of fraudulent oral representations about the condition of the machine. The jury found upon sufficient evidence that the damage to the ma-

chine was due to the usual wear and tear on the machine, and this finding defeated lessor's claim for damages. The jury found, on the cross-action, that lessor fraudulently induced the lease by representing that the machine was then in good condition in all its parts and capable of performing the job for which it was leased. After finding the elements of the fraud, it found that lessee, by reason of the inducements, was damaged in the sum of $1,100. The court gave lessee judgment in that amount.

Lessor insists that the contract forbids proof that it was fraudulently induced and that the judgment should be reversed. The clauses of the contract upon which lessor relies are:

"2. It is agreed and understood that Lessee has carefully inspected said machinery which is leased herein and accepts same in its present condition and as being in good condition in all its parts, and that same is free from any defect and is properly and carefully assembled. Lessor assumes no liability of any kind or character resulting from or growing out of the transportation, storage or use of such machinery in any manner after the execution of this lease; and Lessee agrees to and does fully indemnify and save harmless the Lessor of and from any and all loss, cost, damages, attorney's fees, or other expense which Lessor may have or incur by reason of any claim or asserted claim against Lessor by reason of the transportation, storage, or use of such machinery or any part thereof. * * *

"9. This lease covers all agreements concerning this transaction and no representations, understandings or agreements made by any person shall be binding unless included in writing herein."

■ Lessee affirmed the contract and sued for damages for fraud. He in fact made no inspection, but relied upon the representation of lessor. Within three days after delivery of the machine, lessee learned that it was defective. He continued to use it for two weeks, and then paid the rent in full for that period and returned the machine. "A party defrauded in a contract, has his choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind the contract, and return the thing bought, and receive back what he paid." Blythe v. Speake, 23 Tex. 429, 437; Russell v. Industrial Transport Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; Witherspoon Oil Co. v. Randolph, Tex. Com.App., 298 S.W. 520; Ellerd v. Burkhalter, Tex.Civ.App., 269 S.W. 197; 20A Tex.Jur., Fraud and Deceit, § 72.

■ By electing to affirm the contract and sue for damages, was the lessee bound by the clauses which excluded proof of fraud in the inducement? The point presents a clash between two firm principles of substantive law. Lessor insists that the trial court erred because the clauses above expressly invoke the parol evidence rule of substantive law which excludes proof of extrinsic agreements. Lessee insists that no contract by fraud may exclude proof of fraud. Scruggs v. Dean, Tex.Civ.App., 47 S.W.2d 378. The judicial effort to discover the just rule in these situations has resulted in cases which distinguish between representations and warranties, or between fraud in the execution and fraud in the inducement, or between suits which seek the remedy of rescission and the remedy of damages. The distinctions have not been consistently observed in Texas or elsewhere, and they have been criticized as being unfounded.

In Texas, the first major development of the law was stated in the case of Distributors Investment Co. v. Patton, Tex. Com.App., 130 Tex. 449, 110 S.W.2d 47, 48. That was a suit in which the defense sought a rescission by reason of fraud. The court gave effect to a merger clause

because the nature of the fraud was fraud in the inducement, rather than fraud in the execution, saying: "Fraud will vitiate an 'as is' contract, but the character of fraud necessary to vitiate such a contract is some representation, trick, artifice, or device which prevents the coming into existence of any valid contract at all." Accord, Super-Cold Southwest Co. v. Elkins, Tex.Com.App., 140 Tex. 48, 166 S.W.2d 97; General Office Service Co. v. Letbetter, Tex.Civ.App., 221 S.W.2d 932; Wright v. Couch, Tex.Civ.App., 54 S.W.2d 207; Packard-Dallas, Inc., v. Carle, Tex.Civ.App., 163 S.W.2d 735. In the present action, lessee pleaded both kinds of fraud.

The parol evidence rule was never intended to exclude proof of and investigations about fraud, whatever class of fraud it might be. 2 McCormick & Ray, Texas Law of Evidence, § 1641; 21 Tex. Law Rev. 811, 813; 3 Williston, Contracts, § 811A. Moreover, fraud, if admissible to vitiate a contract in its entirety, should also operate to vitiate the disclaiming clause, since the clause is but a part of the contract. Comment, 27 Tex. Law Rev. 361, 366. Williston suggests that in practice the disclaiming and merger clause may have some effect, since "courts are disposed, because of the nature of the clause, to make sure that there has at least been opportunity for genuine assent to it." Williston cites as examples, instances where the contracting party is rushed into signing the contract, is unable to read, or is given no opportunity to read the clause. Texas has sometimes followed that aiding rule. Fort Worth & D. C. Ry. Co. v. Larson, Tex.Civ.App., 169 S.W.2d 260, 263; Lone Star Olds Cadillac Co. v. Vinson, Tex.Civ.App., 168 S.W.2d 673, 675; Moore v. Downie Bros. Circus, Tex.Civ.App., 164 S.W.2d 420, 423. On other occasions, Texas has disregarded that factor. Super-Cold Southwest Co. v. Chowning, Tex.Civ. App., 248 S.W.2d 504, 508. The suggested rule comes close to a recognition of the distinction between fraud in the execution and fraud in the inducement. The weight

of authority admits parol evidence to show fraud of either class and the distinction between kinds of fraud has generally been disapproved. Bates v. Southgate, 308 Mass. 170, 31 N.E.2d 551, 133 A.L.R. 1349, 1358; Note, 133 A.L.R. 1360; 32 C.J.S., Evidence, § 979a.

Merger clauses have also been given some effect in actions against innocent principals, when the clause is held to put parties on notice of an agent's limited authority. This is the compromise rule suggested in § 260 of the Restatement of Agency. That rule, however, does not excuse fraud in an action against the agent himself, and is inapplicable in the present suit when the contract did not concern representations of an agent. Super-Cold Southwest Co. v. Willis, Tex.Civ.App., 219 S.W.2d 144, in what we consider a departure from the rule of the Patton case, permitted proof of fraud in the inducement to overcome a merger clause. The case expressly adopted the rule of the Restatement in permitting proof of the fraud, but denied damages against an innocent principal. Accord, National Bankers Life Insurance Co. v. Watson, Tex.Civ.App., 266 S.W.2d 420, 423; Bankers' Trust Co. v. Calhoun, Tex.Civ.App., 209 S.W. 826; United States Gypsum Co. v. Shields, Tex. Civ.App., 106 S.W. 724, 726, affirmed 101 Tex. 473, 108 S.W. 1165; Note, 21 Tex. Law Review 811, 812; 3 Williston on Contracts (Rev.Ed.), § 811A. But cf., Coleman v. Ammons, Tex.Civ.App., 249 S.W. 2d 1014.

Texas abandoned its distinction between fraud in the inducement and fraud in the execution in determining the force of merger clauses when the Commission of Appeals decided Texas & P. Ry. Co. v. Presley, Tex.Com.App., 137 Tex. 232, 152 S. W.2d 1105. That case concerned a fraudulently induced release from liability for personal injuries, and positively held that the release could be invalidated upon proof of fraudulent inducement, though the release contained a merger clause and a clause disavowing any fraud or other rep-

resentations outside the release. The Court held that the clause could be invalidated though the complaining party actually reads the clause. It was said in Texas & N. O. Ry. Co. v. Thompson, Tex.Com.App., 12 S.W.2d 963, 964:

"We are of the opinion that in so far as the jury finding is concerned, it is absolutely immaterial to any issue of this case whether plaintiff knew the terms and conditions of the release in question at the time he delivered same to the claim agent of the defendant, for the reason that, if fraud induced the execution and delivery thereof, under the settled law of this state the release was voidable and subject to be set aside for fraud. Rapid Transit R. Co. v. Smith, 98 Tex. 553, 86 S.W. 322; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873; Atchison, T. & S. F. Ry. Co. v. Skeen (Tex.Civ. App.) 174 S.W. 655 (writ refused). Such is the law of this state, even though the release contained the following recitations:

" 'To secure this settlement and the payment of said sum I hereby represent to said railroad that I am twenty-one years of age, and that I rely wholly upon my own judgment, belief and knowledge of the nature, extent, and duration of said injuries, disabilities and damages and that no representations or statements about them, made by said railroad's surgeons or agents have influenced me in making, nor induced me to make this settlement.

" 'No promise of employment nor other agreement not herein expressed has been made by said railroad, nor by any of its officers, agents or employes.' "

We understand the Presley case to mean that the merger clause is not controlling even when the fraud is by way of inducement, and abandoned the distinction between the kinds of fraud. Coleman v. Ammons, Tex.Civ.App., 249 S.W.2d 1014;

Note, 31 Tex. Law Rev. 906; United States Gypsum Co. v. Shields, Tex.Civ.App., 106 S.W. 724, affirmed 101 Tex. 473, 108 S.W. 1165. To distinguish the case on the grounds that it concerned a release for personal injuries would be a distinction without a difference.

■ The Presley case, in our opinion, settled the law in Texas, that fraud, either in the inducement or in the execution, may be proved despite clauses in the contract which state otherwise. Such a rule is the only consistent one, and it harmonizes Texas law with that of the weight of authority. 37 C.J.S., Fraud, § 64. The right and the remedy are summarized by Section 573, Restatement of Contracts, which states that a provision in a bargain that fraud in its formations shall not be asserted is an illegal clause. The Restatement further states that when there are, in fact, fraudulent representations not contained in the writing, and they induced its formation, that an action for deceit may be maintained. Lone Star Olds Cadillac Co. v. Vinson, Tex.Civ.App., 168 S.W.2d 673; Advance-Rumely Thresher Co. v. Higgins, Tex.Civ. App., 279 S.W. 531; Kennedy v. Bender, Tex.Civ.App., 140 S.W. 491; Black, Rescission and Cancellation (2d Ed.), § 561; Note, 56 A.L.R. 13, 59; 46 Am.Jur., Contracts, § 146; 46 Am.Jur., Sales, § 298; 17 C.J.S., Contracts, § 167; 37 C.J.S., Fraud, § 63; 20A Tex.Jur., Fraud and Deceit, § 124; 3 Williston, Sales, 482, § 646. Williston in his work on Sales, at § 631b, concludes that the provisions of a contract that no extrinsic promises or inducements may be shown, cannot bar proof of fraudulent representations nor the remedy for them.

■■ Lessee sued for fraud, not breach of contract, and while we have doubts whether the damage issue submitted the proper measure of damages, we find no point nor objection to the issue on those grounds. The jury was asked: "What do you find from a preponderance of the evidence to be the reasonable amount of said damage?" They answered the issue by

stating the sum of $1,100. In the absence of points on appeal and objections to the measure and the issue, it is a proper issue. After it was answered, lessor, in his motion for judgment non obstante veredicto, objected that there was no evidence and insufficient evidence which supported that sum. Lessor is correct in that contention. The proof lessee relied upon to prove the damage issue was loss of time occasioned by the defective machine, during which time lessee had to pay his employees for standing around. The total of all wages which lessee paid his employees for nonworking hours is $422.61. We find insufficient evidence and no evidence which supports the finding of $1,100.

If there was error in the charge, it is not raised by the points urged on appeal. We, therefore, reform the judgment and affirm it in favor of the lessee for the sum of $422.61. Because the lessor in part has prosecuted this appeal with effect, the costs are divided equally between lessor and lessee.

Reformed and affirmed.