M. E. ANDERSON et al., Appellants,

v.

Clarence WISE, Appellee.

No. 3577.

Court of Civil Appeals of Texas.

Eastland.

March 10, 1961.

Rehearing Denied April 28, 1961.

Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

Orrin W. Johnson, Harlingen, for appellee.

COLLINS, Justice.

Clarence Wise, owner of the surface of a 53 acre tract of land and one-half of the minerals thereon, brought suit against M. E. Anderson and Anderson Oil & Gas Company to recover damages arising out of alleged oral fraudulent misrepresentations and false promises to drill an oil well in connection with a five year oil and gas lease executed by plaintiff to M. E. Anderson. The case was tried before a jury and based upon the verdict, judgment was entered for plaintiff against the defendants in the sum of $13,901.15, including exemplary damages. M. E. Anderson and Anderson Oil & Gas Company have appealed.

The controlling issues presented by appellants' points are concerned with the admissibility of evidence and the existence and sufficiency of the pleadings and evidence to show actionable fraud, and the questions of limitations and waiver. The record, in our opinion, shows the existence of actionable fraud, shows that the court properly held Wise was not precluded from recovery by reason of having accepted delay rentals with knowledge that no well had been commenced in compliance with the alleged fraudulent oral promise, but it shows that appellants' contention is well taken that appellee's cause of action was barred by the two year statute of limitation. The material facts and considerations involved and our conclusions in regard thereto are as hereinafter set out.

On October 25, 1954, appellee Clarence Wise and his wife, for a recited cash consideration of $10.00, executed and delivered the written oil and gas lease in question to appellant M. E. Anderson. The lease provided for a primary term of five years and contained the following provisions concerning the drilling for oil and of annual delay rental payments:

"If no well be commenced on said land on or before the 25th day of October, 1955, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First National Bank at Mercedes, Texas, or its successors, or in the —— Bank at —— or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of Fifty-three and No/100 ($53.000) Dollars, which shall operate as rental and cover the privilege of *defering* the Commencement of a well for twelve

(12) months, from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

The suit by Wise and the judgment in his favor are based upon alleged acts of fraud committed by M. E. Anderson which were designed to and did induce Wise and his wife to execute the oil and gas lease on October 25, 1954. The factual background of the claimed fraud was that the Wise property, which had no oil production and was not even under lease, was, nevertheless, favorably located in an oil field and extremely valuable; that Wise was interested in having a well drilled on his land, and, in order to secure drilling, was willing to sell his lease for a much smaller bonus than could have otherwise been obtained. Two of the acts of fraud alleged by Wise and found by the court were misrepresentations of past or existing material facts bearing upon the ability of Anderson to drill on the land, to-wit: (1) that Anderson had theretofore secured an oil and gas lease from the owner of the other one-half mineral interest under Wise's land, and (2) that Anderson had enough acreage to drill an oil and gas well upon Wise's land. The third and basic act of fraud alleged by Wise and found by the court was a promise on the part of Anderson to drill a test well on the land for the purpose of producing oil and gas which promise was made to induce and did induce the execution of the oil and gas lease. Wise alleged and the court found that the promise was not kept and was made by Anderson without any intention on his part to perform it.

In appellants' first point it is contended that the court erred in admitting evidence and in submitting special issues concerning an oral promise by Anderson to drill a test well, made by him without intention to perform it. Appellants contend that the oil and gas lease was a written instrument and contained express contractual provisions covering appellants' obligation to drill which were binding on the parties, and that parol evidence was not admissible to change or vary the terms of the written instrument. Appellants' first point is not well taken and is overruled. At common law and under Article 4004, V.A.T.C.S., the making of a false promise to do an act in the future without any intention to perform, which promise was intended to and did induce the execution of a contract, constitutes actionable fraud. Powell v. Andrews, Tex. Civ.App., 220 S.W.2d 718, (Ref.N.R.E.); Maulding v. Niemeyer, Tex.Civ.App., 241 S.W.2d 733, (Mand. Overruled); Panhandle Refining Co. v. Swope, Tex.Civ.App., 241 S.W. 597. In such cases it is held that parol evidence is admissible to establish that the contract was induced by fraud. Dallas Farm Machinery Co. v. Reaves, 158 Tex. 1, 307 S.W.2d 233.

It is contended in appellants' second point that the court erred in admitting parol evidence and submitting special issues concerning alleged misrepresentations by Anderson to appellee Wise to the effect that he, Anderson, "had enough acreage" under lease to secure a permit from the railroad commission to drill a well. Appellants urge that the determination of the amount of acreage required to secure a permit to drill an oil well was subject to regulation by an agency of the State, and that a representation concerning the matter amounted to no more than an opinion and constitutes no basis for fraud. We cannot agree with this contention. The representation by appellant that he "had enough acreage" to drill an oil well was under the evidence very material to the transaction. Appellant was an oil man, and in better position to know

about the matter than appellee. Appellee had the right to "treat the affirmation as a statement of fact and—rely upon it as such." 20–A Tex.Jur. 29.

■ It is contended in appellants' third point that the court erred in finding that Anderson falsely represented that he had "secured an oil and gas lease from the owner of the other undivided one-half mineral interest", that such finding was not supported by the evidence and was against the great weight and preponderance of the evidence. This point is also overruled. Wise testified that Anderson told him "that he had the Engleman half under lease and had enough acreage to drill a well"; that he believed what Anderson said and relied upon it. Although there was testimony by Anderson to the contrary, the evidence was not such as to require a reversal. Measured by the rule laid down in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, there was ample evidence to support the finding, and the finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Rules 451, 453 and 455, T.R.C.P.

As affirmative defenses appellants filed pleas of waiver, estoppel, laches and limitation. The following facts are material to a determination of the issues presented. The date of the execution of the lease in question was October 25, 1954. Wise alleged and the court found that Anderson promised to commence the drilling of an oil well on the land within 90 days. This promise is the basis of the alleged fraud. It is undisputed that in October of 1955 and 1956 appellee Wise accepted and retained delay rentals under the lease. It is likewise undisputed that at the time Wise accepted such delay rental payments he had knowledge of the fact that drilling had not been commenced on the land within 90 days after the execution of the lease or at any time prior to the receipt of such rental payments.

■ Appellant contends that in view of the above stated facts the court erred in re-

fusing to sustain the pleas of waiver, estoppel and laches. This point is not well taken. When appellee Wise acquired knowledge that Anderson had not commenced drilling operations within 90 days, as he had fraudulently promised to do, Wise had the right to rescind or cancel the lease. Wise did not seek to cancel and, as we understand, correctly concedes that the acceptance of the delay rentals under the circumstances amounted to a waiver of his right to rescind and precluded him from rescinding or cancelling the lease. It is held, however, that "A waiver of the right to rescind does not operate as a waiver of the right to recover damages." 37 C.J.S. Fraud § 69, p. 365; Thompson v. Pitts, Tex.Civ.App., 2 S.W.2d 899; Grabenheimer v. Blum, 63 Tex. 369; Witherspoon Oil Company v. Randolph, Tex.Com.App., 298 S.W. 520. We overrule appellants' contention, in effect, that appellee's claim for damages for fraud was under the facts waived as a matter of law by acceptance of the delay rentals called for in the lease. Appellee had the right to affirm the contract and still sue for damages sustained by reason of fraud inducing the execution of the contract. 20–A Tex.Jur., Fraud and Deceit, § 72; Roy Klossner Co. v. McIntire, Tex.Civ.App., 301 S.W.2d 197, (Ref. N.R.E.), and cases cited therein.

■ We next come to a consideration of the point urging that the court erred in failing to sustain appellants' plea of limitation. This point is well taken. A cause of action for deceit accrues and the statute of limitation usually begins to run at the time of the discovery of the facts constituting the fraud or when the injured party acquired or should have acquired knowledge of the fraud. 54 C.J.S. Limitations of Actions § 184, pp. 181, 182; Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 76 A.L.R. 855; Hoerster v. Wilke, 138 Tex. 263, 158 S.W.2d 288. In the instant case it is undisputed that on January 25, 1955, which was the end of the 90 day period after execution of the lease, Wise knew that no drilling had been commenced on his land. He did not file suit until July 12, 1957, which was more

than 2 years and 5 months later. Appellee's cause of action accrued and limitation began to run immediately after January 25, 1955, when he knew that Anderson had breached and had not complied with his fraudulent promise to commence the drilling of a well within 90 days. It is noted that in both pleadings and testimony Wise admitted that when Anderson did not have a rig on the land within 90 days after October 25, 1954, he "decided at once to inquire of the whole matter". This showed not only that Wise had knowledge that no drilling had been commenced in compliance with the fraudulent promise, but that Wise was on guard concerning the "whole matter". The facts which Wise had knowledge of after Anderson failed to commence drilling operations within 90 days were, as a matter of law, sufficient to put him on notice of the truth or falsity of the other fraudulent representations relied upon by appellee, and of the fraud itself. Glenn v. Steele, Tex., 61 S.W.2d 810; Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263; Caprito v. Grisham-Hunter Corporation, Tex.Civ.App., 128 S.W.2d 149, (Writ Dis. Judgment Correct). The fact that Anderson did not have a lease on the other undivided one-half of the minerals under appellee's land could have been promptly and easily determined. A check of the public records would have shown that no such lease was on file and the matter could have been positively determined by inquiry of the owner of the other one-half who was a neighbor and acquaintance of appellee. In any event the basic consideration or element of the fraud relied upon by Wise was the fraudulent promise by Anderson to begin drilling an oil well on his land within 90 days. Anderson did not comply with the promise. Wise had knowledge of the failure. This knowledge, as a matter of law, put Wise on notice concerning the existence of fraud. By pleading and testimony he admitted that he immediately became concerned and decided to inquire about the "whole matter". His cause of action accrued and limitation began to run at that time.

Appellee contends that the evidence shows Anderson was out of the state for at least six months of the claimed period of limitation, and that the running of the statute was tolled as to the action against Anderson for at least that long, and shortens the limitation period to less than the required two years. One who relies upon the absence or non-residence of the opposite party to avoid the running of the statute of limitations has the burden of proof. 54 C.J.S. Limitations of Actions § 388, p. 527; Griffiths v. Travis, Tex.Civ.App., 102 S.W. 2d 445, (Writ Ref.). The evidence shows only that Anderson was out of the state on two or three occasions during the limitation period, each of which was of about two weeks duration. The evidence does not show that he was outside the state for as much as six months during the limitation period or for a sufficient length of time to avoid the running of the statute.

From the undisputed facts it is clear that appellee's cause of action against appellants was barred by the two year statute of limitation when this suit was filed.

For the reasons stated, the judgment is reversed and judgment is here rendered for appellants.