TEXACO, INC., Appellant,

v.

Charles R. WOLFE et ux., Appellees.

No. 17560.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1980.

Rehearing Denied Feb. 21, 1980.

Second Motion for Rehearing Denied March 27, 1980.

Law Offices of Louis M. Moore, Louis M. Moore, Houston, for appellant.

Adams, Adams & Blackburn, Joe R. Blackburn, Houston, for appellees.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

This appeal is from a take nothing judgment on a suit on a sworn account instituted by Texaco, Inc. (Texaco) against Charles R. Wolfe, et al (Wolfe) to recover the price of certain Texaco products purchased by means of credit cards issued to Wolfe Construction Company. Texaco sued Charles R. Wolfe, his wife Elizabeth Wolfe, his brother Nick Wolfe and his wife, Patricia Wolfe, individually, and doing business as Wolfe Construction Company. Nick and Patricia Wolfe failed to answer Texaco's petition and an interlocutory default judgment was taken against them. Texaco proceeded against Charles and Elizabeth Wolfe. After the jury's verdict and judgment thereon, Texaco moved for judgment non obstante veredicto, filed a motion for judgment and a motion for new trial, all of which were overruled.

We affirm.

Evidence adduced showed Nick and Charles Wolfe were partners in Wolfe Construction Company from 1971 until August 1973, when Charles withdrew from the partnership. Upon dissolution of the partnership Charles filed an assumed name certificate stating his withdrawal. He admits, however, that he did not notify Texaco or any of the partnership's creditors of this dissolution. In November, 1971, Texaco issued six credit cards bearing number 5461023847 to: Mr. Charles R. Wolfe, Wolfe Construction Company, 6025 Yale, Houston, Texas. These cards listed an expiration date of December 1972. In June 1972, at the request of Nick Wolfe, twelve new credit cards bearing the number 62–500–0016–0 were issued in the name of Wolfe Construction Company, replacing the card number and the six cards previously issued to Charles R. Wolfe.

In response to eleven special issues, the jury found (1) that Texaco Inc. issued credit cards styled Wolfe Construction Company; (2) that Wolfe Construction Company, its agents and/or employees used Texaco Inc. credit cards to purchase the merchandise reflected in the invoices; (3) that delivery of the merchandise was accepted by Wolfe Construction Company; (4) that the prices charged in the invoices were fair and reasonable; (5) that there was an unpaid balance due on said account; (7) that all offsets and credits had been allowed; (8) that written demand for payment of said account was not made by Texaco Inc. more than thirty (30) days prior to the institution of suit; (9) that $12,845.73 was presently owing to Texaco Inc. by Wolfe Construction Company; (10) that $4,280.00 constituted a reasonable attorney's fee for services rendered to Texaco Inc. by Louis M. Moore in the prosecution of the suit; and (11) that Charles R. Wolfe and wife, Elizabeth Wolfe owed nothing in connection with the occurrence in question.

Based on the foregoing findings, the court entered a take nothing judgment as to Charles R. and Elizabeth Wolfe. The interlocutory default judgment against Nick and Patricia Wolfe was made final.

Texaco's appeal is predicated on three points of error, the first of which complains of the submission to the jury of special issue number 11, which in effect inquired of the jury the amount of money, if any, was owed by Charles R. and Elizabeth Wolfe to Texaco Inc. in connection with the use of the credit card account styled Wolfe Construction Company. A fair reading of Texaco's pleadings reveals clearly that at the time of the issuance of the six original credit cards, it was relying strictly on the personal credit of Charles R. Wolfe. Pertinent parts of Texaco's first amended original petition on which it went to trial reads as follows: (Emphasis ours)

I.

Attached hereto is a copy of an instrument marked Exhibit A executed and delivered by Defendant Charles R. Wolfe. Plaintiff is the owner and holder of the instrument. *As a result of the execution of said instrument, Plaintiff issued "credit cards" and/or "travel cards" to Wolfe Construction Company. Said application,* marked Exhibit A attached hereto, provides:

Responsibility for all purchases made by anyone through the use of the travel card, prior to its surrender to Texaco or prior to written notice of its loss or theft to Texaco, rests upon Applicant.

V.

Plaintiff further alleges that the instrument, a copy of which is attached hereto marked Exhibit A, is a valid and existing contract and obligation on the part of Defendant Charles R. Wolfe, which became effective in November of 1971, and is still in full force and effect. *Credit was extended to Defendants, their agents and/or employees, jointly and severally as a result of the execution by Charles R. Wolfe of said instrument. Plaintiff relied on said instrument executed by Charles R. Wolfe in extending credit to Wolfe Construction Company, its owners, agents and/or employees and Defendant Charles R. Wolfe, individually, is liable to*

*Plaintiff for the sum of $13,006.91 by virtue of said instrument.* Plaintiff has many times demanded payment of Charles R. Wolfe for said $13,006.91, and though often requested to pay the same, the said Charles R. Wolfe has refused and still refuses to pay the Plaintiff to its damage.

## VIII.

Plaintiff further alleges that Charles R. Wolfe is estopped to deny liability to Plaintiff for the reason that he represented to Plaintiff that he would be liable for purchases made thourgh the use of credit cards issued to Wolfe Construction Company; that the use of said credit cards were made with his knowledge; . . .

All of the evidence adduced in support of Texaco's cause of action was on the theory that there was a contract signed by Charles R. Wolfe, whose credit had already been established with it. The testimony of Mr. Freese confirms this.

Question: Maybe I can make it real clear. Are you telling this jury that the basis of this lawsuit is on the strength of that application and the signature that appears before you? Is that true?

Answer: Yes, sir.

Question: All right. Now what is that signature?

Answer: Charles R. wolfe.

Question: Who is the applicant?

Answer: Charles R. Wolfe.

. . . . .

Question: Credit established with?

Answer: Texaco.

Question: And whose credit cards are those?

Answer: Charles R. Wolfe.

. . . . .

Answer: Delinquent?

Question: Uh huh.

Answer: Well, I would say that we had dealt with Mr. Wolfe.

Question: Which one?

Answer: Charles R. Wolfe, under the previous account, for several years. And we considered his account satisfactory.

It is undisputed that all damages sought to be recovered by Texaco were incurred by use of the twelve credit cards issued by Texaco to Wolfe Construction Company after the original six cards issued to Charles R. Wolfe had been cancelled and replaced by the new cards and the new number 62–500–0016–0. It is not shown that Charles R. Wolfe signed a new application for the issuance of the twelve new cards. To have made the new application a valid contract binding Charles R. Wolfe, individually, it would be incumbent upon Texaco to show that he consented to the modification of the original contract of 1971. Wolfe denies that he signed or consented to any agreement with Texaco except the one of 1971. He further denies that he was notified of the delinquency of the account nor was he demanded to pay it.

■ We deem it significant that none of Texaco's affirmative special issues were framed to produce findings that Charles R. Wolfe was issued the credit card account number 62–500–0016–0; that he purchased merchandise thereon; or that he received notice of the delinquent account and refused to pay it. There was testimony that Texaco notified and billed Wolfe Construction Company for the account in question and on appeal it argues that Charles R. Wolfe is personally liable for the account as a partner of Wolfe Construction Company. A suit seeking to hold an individual liable as a partner should allege and prove that a partnership does in fact exist.

A petition against a partnership should state the names of all the partners in order that judgments may be obtained against them individually. The petition should also allege facts showing the existence of the partnership. 44 Tex.Jur.2d Partnership § 110 (1963) p. 435.

The petition should allege the capacity of a defendant sued other than as an individual. 2 R. McDonald Texas Civil Practice § 6.04.2 (Rev.1970) p. 77.

■ As a general rule, a third party doing business with the partnership, may

hold the partnership liable as a legal entity for any debts created in reliance on such partnership. Moreover, each member of the partnership is personally or severally liable for the partnership debts. 44 Tex. Jur.2d, Partnerships, § 18, 67. This personal liability of a partner continues until the partnership is legally dissolved or until a withdrawing partner or partners give notice of such withdrawal to third parties dealing with members of the partnership as partners. The withdrawing partner must give actual notice to an existing supplier or creditor in order to terminate his liability for subsequent purchases made by the partnership. Texas Uniform Partnership Act, Tex.Rev.Civ.Stat.Ann. art. 6132b, § 35 (Vernon 1970).

The record before us discloses proof that a partnership between Charles R. and Nick Wolfe, doing business as Wolfe Construction Company did in fact exist and that Charles R. Wolfe gave Texaco no notice of his withdrawal from it. Our problem here is that there are no pleadings to support a judgment in favor of Texaco on the theory that Charles R. Wolfe is liable as a partner for the acknowledged debt of Wolfe Construction Company. Pursuant to Rule 301, T.R.C.P., a judgment must correspond to the issues raised by the pleadings, the nature of the case proved and the verdict. Consequently, there can be no award of a judgment to a litigant upon a theory not set forth in his pleadings. *Moszkowicz v. A. B. Lewis Co.*, 268 S.W.2d 548 (Tex.Civ. App.—San Antonio 1951, ref. n.r.e.). In 3 McDonald Civil Practice § 17.27 (Tex.1970) p. 186, it is stated:

. . . And for this reason it is important that the pleader make full use of the privilege of asserting as many alternative theories of recovery or of defense as may be necessary in order to cover any contingency that may develop at the trial.

Nowhere in Texaco's trial pleadings nor in its motion for new trial is the word "partnership" mentioned. Texaco, by this pleadings, chose to go directly after Charles R. Wolfe, personally, based on the original credit card application. No alternative pleading was made. Based upon the evidence before it, the jury was supported in its answer of "Nothing", when asked the amount Charles R. and Elizabeth Wolfe owed Texaco. Texaco's first point of error is overruled.

By his points of error 2 and 3 Texaco complains the court erred in failing to disregard the jury's answer to special issue number 8, wherein the jury held Texaco did not make demand for payment on this account more than thirty days prior to institution of this suit and as such denies Texaco the right to recover attorney's fees. There was disputed testimony on the questions of when and if demand for payment was made. The jury found that no demand was made. Further, attorney's fees may be recovered only if Texaco had prevailed in the litigation. These points are overruled.

In view of our holding, it is unnecessary to consider Wolfe's cross point of error.

The judgment of the trial court is affirmed.

### On Motion For Rehearing

On its motion for rehearing, Texaco argues that this court erred in holding that there were no pleadings to support a judgment for it on the theory that Charles R. Wolfe was liable as a partner for the debts of Wolfe Construction Company. Texaco also asserts that we erred in holding that Charles R. Wolfe was not liable to it on the original credit card application.

Texaco's first amended original petition reads in pertinent part as follows:

". . . complaining of Charles R. Wolfe and wife Elizabeth Wolfe, individually and doing business as Wolfe Construction Company; and Nickles S. Wolfe, also known as Nick Wolfe, and wife, Patricia Wolfe, Construction Company, jointly and severally . . ."

The legal effect of this portion of Texaco's pleading is to allege that it is seeking recovery against Charles R. Wolfe and wife, and also against Nickles S. Wolfe and wife, all in their individual capacities, jointly and severally. The fact that they were doing

business as Wolfe Construction Company does not make the Wolfe Construction Company a party to the suit. Since a default judgment was entered against Nickles S. Wolfe and his wife, we are here concerned only with Charles R. Wolfe and wife, Elizabeth. If, as it now contends, Texaco was entitled to a judgment against Charles R. Wolfe, individually, because he was a partner in Wolfe Construction Company, it was encumbent upon Texaco to allege and prove a cause of action against Wolfe Construction Company. The only further proof then necessary would have been to show that Charles R. Wolfe was a partner of Wolfe Construction Company. This is basic partnership law. The record before us reveals that Wolfe Construction Company was indeed a partnership composed of Nickles S. Wolfe and Charles R. Wolfe, but Texaco chose not to plead such.

Texaco argues that "Since partnership liability was raised, and the case was also tried on that theory, Plaintiff could be granted a judgment against the partnership . . ." We have not been shown, nor can we find any legal authority for granting a judgment in favor of a party or entity not named in the suit as a plaintiff or a defendant. As we have previously pointed out, Texaco's pleadings clearly show that it sought judgment only against Charles R. Wolfe, individually. Rule 67, T.R.C.P. has no application to this fact situation.

There is a further indication that Texaco was not relying on a partnership theory for its recovery. It would have been necessary to require the trial court to instruct the jury on the law of partnership in order to fix Charles R. Wolfe's derivative liability. No such instruction was requested nor given.

The jury heard evidence from which it could reasonably infer that Charles R. Wolfe and wife were not individually liable for the credit card purchases made the basis of the suit. The jury's finding that Charles R. Wolfe and wife owed nothing to Texaco finds support in the evidence.

The motion for rehearing is overruled.