**O.L. HOLT, Appellant,**

v.

**OWEN ELECTRIC SUPPLY, INC., Appellee.**

**No. 01–86–00236–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 6, 1986.

---

Gail Steele, Angleton, for appellant.

Damon R. Capps, Jones, Mays & Capps, Houston, for appellee.

Before HOYT, DUGGAN and LEVY, JJ.

OPINION

HOYT, Justice.

This is an appeal from a suit on a sworn account. Owen Electric Supply, Inc. ("Owen"), brought suit against Holt Electric Co., Inc. ("Holt, Inc."), Mike Rose, individually, and doing business as Holt Electric, and O.L. ("Viola") Holt, individually, and doing business as Holt Electric to recover the price of certain of its products sold on account to Holt, Inc. At a nonjury trial, the court, after entering a default judgment against both Holt, Inc. and Mike Rose, entered judgment in favor of Owen in the amount found to be the value of the products sold, and against Mrs. Holt individually. Mrs. Holt now appeals from that judgment. We reverse the judgment of the trial court and render judgment that Owen take nothing as to Mrs. Holt.

Evidence adduced showed that in 1976, Mrs. Holt and Mike Rose, as partners, assumed the management of Holt Electric, a partnership. On January 31, 1979, Mike Rose submitted a credit application to Owen on behalf of Holt Electric, and listed himself and Viola Holt as owners of the company. At the end of this credit application, which was signed only by Mike Rose, in the following language in bold print:

**THE UNDERSIGNED WARRANTS THAT ALL ANSWERS GIVEN BY HIM INDIVIDUALLY AND ON BEHALF OF THE ABOVE MENTIONED COMPANY, ARE TO THE BEST OF HIS KNOWLEDGE TRUE AND CORRECT. THE UNDERSIGNED INDIVIDUALLY WARRANTS AND GUARANTEES PAYMENT OF ACCOUNTS WHEREBY CREDIT IS EXTENDED TO THE ABOVE NAMED COMPANY.**

/s/ Mike Rose
1-31-79

Edward Wrobliske, credit manager of Owen, testified that based on this application, he extended credit to the partnership, and subsequently, various goods were ordered and delivered to the company.

In June 1980, Holt Electric incorporated but failed to give notice of its incorporation as required by Tex.Rev.Civ.Stat.Ann. art. 1302–2.02 (Vernon 1980). In December of 1981, Mrs. Holt left the corporation and retired. Mike Rose continued the business and served as president of Holt Electric Co., Inc. Approximately one and one-half years after Mrs. Holt's departure and retirement, Mike Rose ordered and received a quantity of goods from Owen, but failed to pay for them.

At trial, Owen presented an invoice dated June 22, 1983, as evidence of the transaction. The charge was for $3,380.60, later reduced to $3,250.73 in a subsequent credit memo. As evidence of Mrs. Holt's individual liability on the account, Owen presented a check dated February 10, 1980, issued on Holt Electric's checking account, signed by Viola Holt. Mrs. Holt did not deny signing that check, but testified that she personally had not ordered or received any goods from Owen since her departure from the company in 1981.

The trial court overruled Mrs. Holt's motion for judgment and ruled that "notwithstanding the fact that Mrs. Holt neither bought nor received the goods made the subject of this case, she was, as a matter of law, responsible for payment of the goods based on her failure to give notice to creditors of incorporation, as required by Tex. Rev.Civ.Stat.Ann. art. 1302–2.02 (Vernon 1980)."

On appeal, Mrs. Holt maintains that the trial court erred in overruling her motion for judgment because: (1) Owen failed to prove its case as a matter of law on the sworn account as to her; (2) the imposition of liability under art. 1302–2.02 must be based on the principle of estoppel, and there is no evidence in the record to support a finding of estoppel; (3) article 1302–2.02 was extended in a penal manner that is contrary to Texas case law; and (4) Owen

had actual notice of defendants' incorporation, which is a defense to article 1302–2.02.

Article 1302–2.02 provides as follows: A. Whenever any banking, mercantile or other business firm desires to become incorporated without a change of firm name, such firm shall, in addition to the notice of dissolution required at Common Law, give notice of such intention to become incorporated for at least four (4) consecutive weeks in some newspaper published at the seat of State Government, and in the county in which such firm has its principal business office, if there be a newspaper in such county; and, if not, then in some newspaper published in some adjoining county; provided, however, that such notice shall only be published one (1) day in each week during the said four (4) weeks. Until such notice has been published for the full period above-named, no change shall take place in the liability of such firm or the members thereof. It shall be a defense that a claimant had actual notice or knowledge of such corporation.

We perceive the primary question raised on appeal to be whether there is evidence that Owen extended credit to Holt (the Corporation) on the belief that it was dealing with Mrs. Holt individually and not with the corporate entity.

 As a general rule, a third party doing business with a partnership may hold the partnership liable as a legal entity for any debts created in reliance on such partnership. Moreover, each member of the partnership is personally or severally liable for the partnership debts. *Texaco v. Wolfe*, 601 S.W.2d 737, 740 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Here, the evidence shows that the debt forming the basis of the suit was a corporate debt that was incurred after Mrs. Holt left the company and approximately three years after Holt's incorporation. The evidence, although limited, shows that once it incorporated, Holt, Inc. began to make all of its monthly payments to Owen by corporate checks, and that Mrs. Holt did not sign an individual guaranty.

This Court has previously addressed the application of art. 1302–2.02 in *Payne v. Lucas*, 517 S.W.2d 602 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). There, we held that where a creditor does not act in justifiable reliance upon a debtor's individual responsibility for a corporate debt, there is no basis for imposing personal liability. *Id.* at 607. Here, Owen chose not to sue the partnership, thus forfeiting any potential claim for personal liability against Mrs. Holt under the partnership. *See Texaco*, 601 S.W.2d at 740. Moreover, because Mrs. Holt did not sign an individual guaranty, the evidence does not sustain a claim for individual liability for the corporate debt. *Payne*, 517 S.W.2d at 607.

The judgment against Mrs. Holt is reversed, and we render judgment that Owen take nothing as to Mrs. Holt.