Randall S. SHAWELL, Appellant,

v.

PEND OREILLE OIL &
GAS COMPANY, et
al., Appellees.

No. 6–91–034–CV.

Court of Appeals of Texas,
Texarkana.

Dec. 17, 1991.

Rehearing Overruled Jan. 28, 1992.

Frank R. Parish, Ellison, Schweinle, Parish, Beerbower, Houston, for appellant.

A. Andrew Gallo, Amoco Production Co., Thomas W. Taylor, Butler & Binion, Houston, for Amoco Production Co.

Robert A. Schwartz, Wilson & Johnson, W. James Kronzer, Leslie C. Taylor, Law Offices of W. James Kronzer, Houston, for Pend Oreille Oil & Gas Co.

Michael A. Logan, Baker, Glast & Middleton, Dallas, for CT Corp. System, Inc.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Randall Shawell sued Pend Oreille Oil & Gas Company for the breach of oil, gas and mineral contracts. Pend Oreille brought third-party actions against Amoco Production Company and CT Corporation System, Inc. and filed a cross-claim against Shawell, and Amoco filed counterclaims against Pend Oreille and Shawell. The trial court rendered summary judgment in favor of Pend Oreille against Shawell's claims and a take-nothing judgment on the third-party actions. We must determine whether a general partner, who is sued individually and not in the capacity as a partner, can be held liable for partnership acts and whether there was a material issue of fact raised by the evidence. We conclude that the trial court did not err in granting the motion for summary judgment and therefore affirm.

Shawell and Pend Oreille, Ltd. entered into an agreement on July 15, 1976, whereby Shawell would obtain oil and gas leases and assign them to Pend Oreille, Ltd. An amendment to this agreement required Pend Oreille, Ltd. or its assigns to notify Shawell forty-five days before any expiration date for an oil and gas lease, if it elected not to maintain any lease acquired under the agreement. Amoco Production Company received mineral rights from Pend Oreille, Ltd. When the leases lapsed after Pend Oreille, Ltd. neglected to notify Shawell, Shawell filed this suit.

Shawell sued Pend Oreille Oil & Gas Company based on the breach of the contract between Shawell and Pend Oreille, Ltd. Pend Oreille Oil & Gas Company was the general partner of Pend Oreille, Ltd. No allegations were made against Pend Oreille Oil & Gas Company in its capacity as the general partner of Pend Oreille, Ltd. Shawell did not attempt to amend his pleading, even when Pend Oreille Oil & Gas Company specially excepted to Shawell's pleadings, asserting that it signed no agreement. Shawell continued to name only Pend Oreille Oil & Gas Company as defendant. Shawell's pleadings do not refer to the partnership and do not allege that Pend Oreille Oil & Gas Company was being sued in its representative capacity as general partner.

In an appeal from a summary judgment, we view the summary judgment evidence in the light most favorable to the nonmovant. Every fact which tends to oppose a summary judgment is taken is true, and every reasonable inference is indulged in favor of the nonmovant. *Wilcox v. St. Mary's Univ. of San Antonio*, 531 S.W.2d 589, 592–93 (Tex.1975). The moving party has the burden of establishing that there is no genuine issue of material fact concerning its claim and that it is entitled to judgment as a matter of law. *Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978). With these guidelines in mind, we turn to the summary judgment evidence.

In a suit brought against a partnership, it is unnecessary to serve all the partners to support a judgment against the partnership. TEX.CIV.PRAC. & REM.CODE ANN. §§ 17.022, 31.003 (Vernon 1986). Any judgment in a suit against a partnership, however, is rendered only against the partners who are actually served and any other partners who appeared despite the lack of service. *Bentley Village, Ltd. v. Nasits Bldg. Co.*, 736 S.W.2d 919 (Tex.App.—Tyler 1987, no writ). A general partner is also personally liable for the debts and obligations of a limited partnership. TEX.REV. CIV.STAT.ANN. art. 6132a, § 10(a) (Vernon 1970). In pursuing such an action, the

partners generally may be sued separately, or the partnership can be sued in its partnership name alone. *Martin v. First Republic Bank, Fort Worth*, 799 S.W.2d 482 (Tex.App.–Fort Worth 1990, writ denied). However, this presumes that suit has been brought against the partnership, or against a partner.

In *Texaco, Inc. v. Wolfe*, Wolfe was sued for payment for products purchased by credit cards which had been issued to Wolfe Construction Company. *Texaco, Inc. v. Wolfe*, 601 S.W.2d 737 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Wolfe had formerly been a partner with the company, but had dissolved the partnership. The court held that it was necessary for Texaco to have alleged that Wolfe was a partner before it could recover from him for action taken by the partnership. There, Texaco knew that Wolfe was a partner, but chose not to plead that. *Texaco, Inc. v. Wolfe*, 601 S.W.2d at 741–42. Shawell chose to sue Pend Oreille Oil & Gas Company and not Pend Oreille, Ltd. Because Shawell's pleadings do not mention the partnership and do not allege that Pend Oreille Oil & Gas Company was being sued in its representative capacity, judgment could not have been rendered in Shawell's favor because the named defendant was not the other party to the contract.

■ There is no material issue of fact raised by Pend Oreille Oil & Gas Company's responsive pleadings. Pleadings, even if verified, do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Sav. and Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971); *Wells Fargo Constr. Co. v. Bank of Woodlake*, 645 S.W.2d 913 (Tex.App.—Tyler 1983, no writ). Pleadings outline the issues, but they are not evidence. *Hidalgo v. Surety Sav. and Loan Ass'n*, 462 S.W.2d at 545; *Menchaca v. Menchaca*, 679 S.W.2d 176, 178 (Tex.App.—El Paso 1984, no writ). No question of fact has been raised.

■ When an individual or business entity is sued under a contract in a different capacity from that under which he signed the contract, he cannot be held liable because there is no evidence that the particular individual or entity was liable for the debt. *Texaco, Inc. v. Wolfe*, 601 S.W.2d at 740; *West Texas Util. v. Pirtle*, 444 S.W.2d 202 (Tex.Civ.App.—Eastland 1969, no writ). A defendant must complain about a defect in the parties before the case is called to trial. *Sunbelt Constr. Corp. v. S & D Mechanical Contractors, Inc.*, 668 S.W.2d 415, 418 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Allright, Inc. v. Burgard*, 666 S.W.2d 515 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926, 929 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Pend Oreille timely raised the defect in the parties both by special exceptions and by the motion for summary judgment.

■ Shawell made no effort to amend his pleadings to include the correct company or to name the company actually sued in its capacity as general partner. The posture of the summary judgment evidence can be illustrated in the following manner. A sues B on a written contract. A produces a contract between A and C. In such a situation, B may successfully pursue a summary judgment. We conclude that the trial court properly granted summary judgment in favor of Pend Oreille Oil & Gas Company. Because of our disposition of Shawell's appeal, it is unnecessary for us to determine whether Pend Oreille Oil & Gas Company properly appealed from the trial court's disposition of its cross-actions against Amoco Production Company and CT Corporation System, Inc. Those questions are moot.

The judgment of the trial court is affirmed.