TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00608-CV







Edith Gregory, Appellant



v.



Gerald Hylin, Individually and d/b/a San Antonio


Silver Dollar Homes, Inc., Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C92-352C, HONORABLE RALPH W. CATON, JUDGE PRESIDING







PER CURIAM


 Appellant Edith Gregory sued appellee Gerald Hylin, individually and d/b/a San
Antonio Silver Dollar Homes, Inc., for fraud, negligence, gross negligence, breach of a fiduciary
duty, and for claims arising under sections 17.46 and 17.50 of the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 &
Supp.1995). Gregory's complaints arose out of a transaction in which Silver Dollar Homes built
a house for her pursuant to a written contract. Hylin is the president of Silver Dollar Homes and
one of its principal stockholders. Hylin and San Antonio Silver Dollar Homes, Inc. (1) ("Silver
Dollar Homes") filed a motion for summary judgment. The trial court granted the motion and
rendered a take-nothing judgment, from which Gregory appeals. Gregory's sole point of error
on appeal is that the trial court erred in granting the motion for summary judgment. We will
reverse in part and affirm in part.

 Gregory did not file a response to the motion for summary judgment. In the
absence of a response, the only issue on appeal is whether the grounds asserted in the motion for
summary judgment establish the right to summary judgment as a matter of law. City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Fisher v. Capp, 597 S.W. 2d 393,
397 (Tex. Civ. App.--Amarillo 1980, writ ref'd n.r.e.).



STANDARD OF REVIEW


 In reviewing a summary judgment record, this Court observes the following rules:

 



(1) the movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of
law;


(2) in deciding whether there is a disputed material fact that precludes summary
judgment, evidence favorable to the non-movant will be taken as true; and


(3) every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).



SUMMARY JUDGMENT EVIDENCE


 Hylin offered the following summary judgment evidence: his affidavit; a copy of
the requests for admissions he served on Gregory; a copy of the construction contract between
Gregory and Hylin; a purported copy of a letter dated February 3, 1993, transmitting Hylin's
interrogatories, request for production, and request for admissions; and a copy of a certified mail
receipt dated February 4, 1993. 

 The parties dispute whether Gregory timely responded to the request for admissions
and, therefore, whether the matters are deemed admitted. See Tex. R. Civ. P. 169(1). We need
not address those arguments since consideration of the admissions will not change the outcome. 
We will assume only for purposes of analysis that the summary judgment evidence consists of the
deemed admissions as well as the contract and Hylin's affidavit.

 Relevant portions of Gregory's admissions established that any representations
Hylin made were in his representative capacity; that a third party prepared her house plans; that
she requested variances and changes from the plans; that the home was substantially complete
when she took possession of it; that she did not complain of the cost or construction before she
filed suit; that she authorized the changes and benefitted from them; that she received copies of
invoices that Hylin paid as construction was occurring; that Hylin's profit remained at $11,000;
and that the market value of the home equals or exceeds the cost of its construction.

 Relevant portions of the contract provided:



The contract price for the improvements to be located upon the above-described
property shall be on a "cost plus" basis, with the cost to be determined as set forth
below. Contractor shall be paid the sum of ELEVEN THOUSAND AND NO/100
($11,000) DOLLARS as his profit for constructing said improvement. The total
contract price to Owner, including the contractor's profit, shall be approximately
the sum of FIFTY-NINE THOUSAND AND NO/100 (59,000.00) DOLLARS. 
However, this amount may be increased if Owner desires changes in Plans or
Specifications agreed to as provided below.



(Emphasis added).

 Hylin's uncontroverted affidavit stated that Gregory requested numerous changes
and modifications to the plans; that Gregory was consulted about the nature, extent, and cost of
the changes, additions, and modifications; that Gregory approved all changes and additions before
they were completed; that Hylin did not individually make any representations relating to the
construction of the home; that Silver Dollar Homes built the house according to Gregory's
instructions and directions; that the home was built in a good and workmanlike manner in
accordance with the standards acceptable within the building trade and profession generally; that
the home's value equals or exceeds the cost of construction; (2) and that Hylin's profit remained
fixed at the $11,000 provided in the contract. 



GROUNDS FOR SUMMARY JUDGMENT


 A movant for summary judgment can be granted judgment only on grounds
expressly stated in the motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339
(Tex. 1993). Silver Dollar Homes moved for summary judgment on the basis that (1) Silver
Dollar Homes did not fail to disclose the cost of additions and changes to the plans and
specifications, and (2) Gregory was not damaged by the changes and additions. Hylin moved for
summary judgment on the basis that the summary judgment evidence established that he was not
personally liable because he had acted at all times in his representative capacity.



ANALYSIS OF THE SUMMARY JUDGMENT


I.  GENERALLY

 The issue is whether Hylin and Silver Dollar Homes proved that they were entitled
to judgment as a matter of law. Clear Creek, 589 S.W.2d at 678. Since Hylin and Silver Dollar
Homes were defendants, they could meet their burden by conclusively negating at least one
element of each of Gregory's causes of action. Gibbs v. General Motors Corp., 450 S.W.2d 827,
828 (Tex. 1970).

 We consider the sufficiency of Hylin and Silver Dollar Homes' summary judgment
evidence in light of Gregory's pleadings. Shawell v. Pend Oreille Oil & Gas Co., 823 S.W.2d
336, 338 (Tex. App.--Texarkana 1991, no writ). The pleadings, while not evidence, frame the
issues to determine whether Hylin and Silver Dollar Homes met their burden. Chessher v.
Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983); Yancy v. City of Tyler, 836
S.W.2d 337, 341 (Tex. App.--Tyler 1992, writ denied); Shawell, 823 S.W.2d at 338.

 Gregory alleged causes of action for fraud, negligence, gross negligence, breach
of a fiduciary duty, and for claims arising under sections 17.46 (3) and 17.50 (4) of the DTPA. She
presents basically two complaints: the first relating to the cost of the house, and the second
relating to the construction of the house. In considering whether Silver Dollar Homes negated
as a matter of law the elements of harm and damages for each of Gregory's causes of action, we
will first address the causes of action relating to the cost of the house.



II. CAUSES OF ACTION RELATING TO COST OF CONSTRUCTION

 A. The Element of Harm

 Gregory complained that Silver Dollar Homes had represented to her that the house
would be built for "the contract price of $59,000" but charged her $81,000. Gregory's causes
of action relating to the cost of construction could be based on either of two theories. Her petition
is not clear, but, in the absence of special exceptions, we will construe it liberally. Attorney Gen.
of Tex. v. Lavan, 833 S.W.2d 952, 954 (Tex. 1992); Roark v. Allen, 633 S.W.2d 804, 809 (Tex.
1982); Stone, 554 S.W.2d at 186. Also, we will look to the pleader's intent and supply every fact
that can be reasonably inferred from what is specifically stated. Roark, 633 S.W.2d at 809. 

 The first interpretation possible is that Silver Dollar Homes represented to Gregory
that the contract price was $59,000 and that the house would be built for that price. (5) Hylin's
affidavit does not establish that he never represented to Gregory that the house would be built for
$59,000; he states only that any representations were made as president of Silver Dollar Homes,
Inc. rather than individually.

 Alternatively, the claim could be based on the express terms of the contract because
Silver Dollar Homes contracted to build the house according to the original specifications for
approximately $59,000 but did not do so. One who is induced by fraud to enter into a contract
may stand on the bargain and recover damages or may rescind the contract, return the article
purchased, and recover money paid. Dallas Farm Mach. Co. v. Reaves, 307 S.W.2d 233, 239
(Tex. 1957). The contract at issue is a modified cost-plus contract with a guaranteed maximum
of "approximately $59,000." See Syring-Workman, Inc. v. Colbert, 532 S.W.2d 708, 710 (Tex.
Civ. App.--Waco 1976, writ ref'd n.r.e) (contract providing that "Approximate Maximum Cost
shall be $120,000" contemplated possibility of a reasonable variance between $120,000 and final
cost); Torres v. Jarmon, 501 S.W.2d 369, 370-71 (Tex. Civ. App.--San Antonio 1973, writ ref'd
n.r.e.), (contract price of "approximately $70,000" was a fixed limitation). Since the contract set
a maximum price of approximately $59,000, Silver Dollar Homes bore the risk that the costs for
the original plans and specifications would exceed that amount. Joe Canterbury, Jr., Texas
Construction Law § 6.07 (2nd Ed. 1992). 

 In either instance, Gregory argues on appeal that Silver Dollar Homes did not
adequately explain the difference between the contract price of approximately $59,000 and the
price charged of approximately $81,000. We agree. Silver Dollar Homes claims to have proven
as a matter of law that Gregory has no cause of action because Hylin's affidavit shows that he
disclosed to her the cost of all changes and additions before the changes and additions were
completed. The evidence does not address Gregory's basic claim that Silver Dollar Homes
misrepresented the cost of building the house according to the original specifications. The
evidence simply proves that changes and additions were made, that Hylin consulted Gregory about
the cost of changes and additions before implementing them, and that Silver Dollar Homes' profit
remained fixed at $11,000.00. Hylin and Silver Dollar Homes did not present any evidence
establishing that the requested changes produced the price increase. (6) Therefore, the evidence does
not rule out the possibility that Silver Dollar Homes charged Gregory more than "approximately
$59,000" to build the portion of the house that was constructed according to the original plans. 
Under the modified cost-plus contract with a guaranteed maximum price, Silver Dollar Homes,
not Gregory, is liable for those costs. We conclude that Silver Dollar Homes did not conclusively
disprove the element of harm for any cause of action relating to the total cost of construction (7) by
evidence that addressed only the cost of the changes and additions.

 

 

 B. ELEMENT OF DAMAGES

 1. In general

 Silver Dollar Homes additionally claims to have negated the element of damages
for any cause of action because the summary judgment evidence established that Gregory was not
harmed by the changes and additions since the value of the house equaled or exceeded the cost of
construction. We disagree.

 

 

 2. Fraud

 Ordinarily, the measure of damages for a person injured in a fraudulent real estate
transaction is the greater of the "benefit-of-the-bargain" or the "out-of-pocket" measures. LSR
Joint Venture No. 2 v. Callewart, 837 S.W.2d 693, 701 (Tex. App.--Dallas 1992, writ denied). 
The "benefit-of-the-bargain" measure of damages allows the plaintiff to recover the difference
between the value represented and value received. Leyendecker & Assocs., Inc. v. Wechter, 683
S.W.2d 369, 373 (Tex. 1984). Without deciding whether the contract price impacts the amount
of damages the buyer can recover regardless of the value of the house, (8) we note that the summary
judgment evidence does not establish what the value of the home was represented to be, either
before or after the changes. Therefore, Silver Dollar Homes did not disprove the benefit-of-the-bargain measure of damages for a fraudulent real estate transaction. Because the benefit-of-the-bargain and the out-of-pocket measure are alternative remedies, we do not address the out-of-pocket measure.

 Further, the benefit-of-the-bargain and out-of-pocket measures are not the exclusive
measure of damages for fraud. When a contract is breached through the fraud of one of the
parties, the injured party is entitled to recover for collateral losses (9) occasioned by his reliance
upon the other party's fraudulent representations. See generally New Process Steel Corp. v. Steel
Corp. of Tex., Inc., 703 S.W.2d 209 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.)
(creditor corporation which agreed to buy out secured creditors and to obtain better management
for debtor corporation liable for damages of managing corporation that relied on that promise in
supplying materials to debtor corporation); Wright v. Carpenter, 579 S.W.2d 575, 578 (Tex. Civ.
App.--Corpus Christi 1979, writ ref'd n.r.e.) (cost of replacing roof was consequence of plaintiff's
reliance on defendant's representation that roof was sound); El Paso Dev. Co. v. Ravel, 339
S.W.2d 360 (Tex. Civ. App.--El Paso 1960, writ ref'd n.r.e.) (purchaser of lot that had been
represented as being free from clay and fill recovered damages associated with damage to home
from presence of clay and fill); De Kalb Hybrid Seed Co. v. Agee, 293 S.W.2d 64 (Tex. Civ.
App.--Beaumont 1956, writ ref'd n.r.e) (vendor of diseased chicks liable for consequential
damages when chicks communicated disease to existing flock).

 Gregory, in her second amended petition, claims to have incurred consequential
damages because she was required to withdraw additional money from her retirement account to
pay the unanticipated costs. The damages she alleges include an early withdrawal penalty, taxes,
and foregone interest. The alleged damages are consequential damages that flowed from the
possible breach and for which Silver Dollar Homes could be liable if fraud were proven. (10)

 In sum, we conclude that Silver Dollar Homes did not negate as a matter of law
the element of damages for fraud because the summary judgment evidence does not establish the
amount of damages under either general measure and because special damages were alleged.

 

 

 3. Negligence and Gross Negligence

 A negligent person is liable for the damages that are proximately caused by his
negligence. Proximate cause includes both cause in fact and foreseeability. Williams v. Steves
Indus., Inc., 699 S.W.2d 570, 575 (Tex. 1985). Foreseeable consequences are those that a
reasonably intelligent actor would have anticipated as a result of his act. Id. Silver Dollar
Homes' evidence that the house's value equals or exceeds its cost does not negate as a matter of
law the element of damages for a negligence cause of action because it does not address the
reasonably foreseeable collateral damages Gregory alleged. 


 

 4. Fiduciary Duty

 A fiduciary duty simply raises the standards by which a party's conduct is deemed
to be fraudulent. See Texas Bank & Trust Co. v. Moore, 595 S.W.2d 502, 508 (Tex. 1980) (when
confidential relationship is entered into the parties' conduct towards one another is measured by
higher standards). The damages recovered for breach of a fiduciary duty are fraud damages. 
Since Silver Dollar Homes did not negate the element of damages for common law fraud, it did
not negate the element of damages for a breach of a fiduciary duty.


 

 5. DTPA Causes of Action

 Damages under the DTPA are those recoverable at common law. See W.O.
Bankston Nissan, Inc. v. Walters, 754 S.W.2d 127, 128 (Tex. 1988). At common law the measure
of damages for misrepresentation is the benefit-of-the bargain or the out-of-pocket measure. Id. 
Since Silver Dollar Homes did not negate the element of damages for common law fraud, it did
not negate the element of damages for the DTPA claims. (11) 


 

 C. Waiver

 Silver Dollar Homes further argues that Gregory has no cause of action because
she occupied the house and paid for the costs of construction as it was progressing. Silver Dollar
Homes seems to argue a waiver or an estoppel theory but cites no authority. We are not
persuaded. Fraud is waived only if the contract is affirmed with full knowledge of the fraud and
of all material facts and with the intent of waiving the fraud. LSR Joint Venture No. 2, 837
S.W.2d at 699; Andrews v. Powell, 242 S.W.2d 656, 661 (Tex. Civ. App.--Texarkana 1951, no
writ). There is no proof that Gregory intentionally waived any fraud that may have occurred. 
Additionally, waiver is an affirmative defense that Silver Dollar Homes did not assert in its
answer. Tex. R. Civ. P. 94.; Andrews at 662. Finally, waiver, a common law defense, does not
apply to DTPA causes of action. LSR Joint Venture No. 2, 837 S.W.2d at 698.


 

 D. Conclusion Regarding Causes of Action Related to the Cost of Construction


 We conclude that Silver Dollar Homes did not conclusively negate any element of
the causes of action related to the cost of construction.


 

III. CAUSES OF ACTION RELATING TO QUALITY OF CONSTRUCTION

 Gregory also alleged that portions of the home (12) were not constructed in a good and
workmanlike fashion, giving rise to causes of action under the DTPA. Although Hylin and Silver
Dollar Homes offered summary judgment evidence regarding the quality of the construction,
neither moved for summary judgment on that ground. (13) Summary judgment is inappropriate on
the basis of a ground not expressly alleged in the motion for summary judgment. McConnell, 858
S.W.2d at 339; Watkins v. Hannerman & Gainer, 814 S.W.2d 867, 869 n.2 (Tex. App.-Austin
1991, no writ); Roberts v. Southwest Texas Methodist Hosp., 811 S.W.2d 141, 145-46 (Tex.
App.--San Antonio 1991, writ denied). The grounds upon which summary judgment is proper may
not be hidden in the evidence. Roberts, 811 S.W.2d at 146 (if summary judgment was sought on
grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if
summary judgment proof supports them and responding party did not except to motion). 

 If a summary judgment granted on causes of action not alleged in the motion
purports to dispose of all causes of action, as did the judgment in this case, (14) a party must raise
the point on appeal. Tex. R. App. P. 74; Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993);
State Bd. of Ins. v. Westland Film Inds., 705 S.W.2d 695, 696 (Tex. 1986); Yiamouyiannis v.
Thompson, 764 S.W.2d 338, 341-42 (Tex. App.--San Antonio 1988, writ denied), cert. denied,
493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). Since Gregory did not assign error on
appeal to this portion of the trial court's judgment, we will affirm the judgment for Silver Dollar
Homes as to those causes of action.



IV. HYLIN'S INDIVIDUAL LIABILITY

 Gregory waived the right to challenge the summary judgment issued in favor of
Hylin because she did not challenge in her brief the ground upon which that judgment issued. 
Tex. R. App. P. 74; Westland Film Inds., 705 S.W.2d at 696; Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970).



 CONCLUSION


 Silver Dollar Homes did not prove as a matter of law that it was entitled to a
summary judgment on the causes of action relating to the cost of construction. Accordingly, the
judgment of the trial court is reversed as to Gregory's causes of action against Silver Dollar
Homes on her claims relating to the cost of construction, and we sever and remand those causes
of action to the trial court for further proceedings. The remainder of the judgment is affirmed. 


Before Justices Aboussie, Jones and Kidd

Reversed and Remanded in Part; Affirmed in Part

Filed: February 15, 1995

Do Not Publish

1.   Although neither named nor served, Silver Dollar Homes appeared in the proceeding
below by answering, counterclaiming, and seeking summary judgment in its favor. See St.
Louis & S.F.R. Co. v. Hale, 206 S.W. 75 (Tex. 1918) (defendant makes a general appearance
when he voluntarily invokes judgment of the court in any way on any question other than that of
court's jurisdiction); Davis v. Outdoor Equip. Co., 551 S.W.2d 72, 73 (Tex. Civ. App.--Houston
[1st Dist.] 1977, no writ) (stating that the unnamed and unserved partnership appeared in the
proceeding, but holding that date partnership appeared did not relate back to the date corporation
appeared since the unnamed partnership was unrelated to named corporation); Talbert v. Herrera,
353 S.W.2d 948, 951 (Tex. Civ. App.--San Antonio 1962, no writ) (unnamed defendant was
estopped from asserting invalidity of a judgment on ground that he had not been joined in action
when he had joined named defendant in filing an answer and had accepted his share of proceeds).
2.   Hylin did not state the basis of his expertise to testify as to the value of the house. 
However, since Gregory does not raise that point on appeal, we will assume that he was
competent. Tex. R. App. P. 74; State Bd. of Ins. v. Westland Film Inds., 705 S.W.2d 695, 696
(Tex. 1986); Martin v. Cohen, 804 S.W.2d 201,202 (Tex. App.-Houston [14th Dist.] 1991, no
writ).
3.   The causes of action alleged under the following subsections of section 17.46(b) were
that Hylin or Silver Dollar Homes engaged in false, misleading, or deceptive acts or practices
by:


(a) impliedly warranting that Gregory's home would be built in a good and
workmanlike manner (§17.46(b)(19));


(b) representing that the contract conferred or involved rights, remedies, or
obligations which it did not (§17.46(b)(12));


(c) failing to disclose information concerning services and goods which was
known by Hylin at the time of contracting with the intention of inducing
Gregory to contract, which she would not have done had the information
been disclosed (§17.46(b)(23));


(d) representing that the goods or services were of a particular standard,
quality, or grade or that goods were of a particular style or model, when
they were of another (§17.46(b)(7).
4.   Gregory claimed that Hylin engaged in unconscionable acts as defined in section
17.45(5) by taking advantage of her lack of knowledge, ability, experience, and capacity to
a grossly unfair degree and because Hylin's acts resulted in a gross disparity between the
consideration paid in the transaction and the value received. 
5.   Even though the contract price is approximately $59,000, Gregory's complaint would be
sufficient to sustain a cause of action on the alleged oral misrepresentation because the parol
evidence rule does not preclude the admission of evidence of oral representations or fraud made
prior to the execution of a contract. See, e.g. Austin Shoe Stores v. The Elizabeth Co., 538
S.W.2d 677, 680 (Tex. Civ. App.--Waco 1976, writ ref'd n.r.e.) (summary judgment
inappropriate because parol evidence rule did not preclude evidence of fraudulent inducement to
contract). See also Tracy v. Annie's Attic, Inc., 840 S.W.2d 527, 532 (Tex. App.--Tyler 1992,
writ denied); Grohn v. Marquardt, 657 S.W.2d 851, 856 (Tex. App.--San Antonio 1983, writ
ref'd n.r.e.); Roy Klossner Co. v. McIntire, 301 S.W.2d 197, 200 (Tex. Civ. App.--San Antonio
1957, writ ref'd n.r.e).
6.   Under the evidence presented, the increase in cost attributable to the requested changes
could have been $100, while the difference in the original contract price and the price
charged is approximately $22,000.
7.   The common law causes of action, fraud, negligence, gross negligence, and breach of
fiduciary duty, can be fairly read as arising from the cost of constructing the house. In
addition, two of the DTPA claims, representing that the contract conferred or involved
rights, remedies, or obligations which it did not, and engaging in unconscionable activity,
also relate to the cost of construction.
8.   Gregory had the contractual right to have the house as originally planned built for
approximately $59,000. The person injured by a breach of contract is entitled to damages
in an amount that will put him in as good a position as he would have been in had in the
contract been performed. New Process Steel Corp. v. Steel Corp. of Tex., Inc., 703 S.W.2d
209, 215 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.); Little Darling Corp. v. Ald,
Inc., 566 S.W.2d 347, 379 (Tex. Civ. App.--Dallas 1978, no writ). However, Gregory's second
amended petition does not assert a cause of action for breach of contract.


 Further, the existence of an express contract for the furnishing of materials or the rendition
of services precludes recovery on an implied contract or in quantum meruit for goods and services
covered by the contract. Black Lake Pipe Line Co. v. Union Constr. Co., 538 S.W.2d 80, 86
(Tex. 1976); Woodward v. Southwest States, Inc., 384 S.W.2d 674, 675 (Tex. 1964); Teague v.
Edwards, 315 S.W.2d 950, 952 (Tex. 1958). 
9.   Special or consequential damages are actual damages. See generally Trenholm v. Ratcliff,
646 S.W.2d 927 (Tex. 1983) (homebuilder that sought and received only special damages obtained
exemplary damages).
10.   Also, punitive damages can be awarded if there is a finding of a willful tort and actual
damages resulting from it. Transmission Exch. Inc. v. Long, 821 S.W.2d 265, 272 (Tex.
App.--Houston [1st Dist.] 1991, writ denied) (upholding punitive damages award when shop that
advertised transmission repairs for $179.95 attempted to charge $487.87).
11.   The two possible DTPA claims relating to the cost of construction are (1) representing
that the contract conferred or involved rights, remedies, or obligations which it did not, and
(2) engaging in unconscionable activity. Section 17.45(5) defines as unconscionable either the
taking advantage of the lack of knowledge, ability, experience, or capacity of a person or a
resultant gross disparity between value received and consideration paid. While the evidence
regarding the value of the house may apply to latter basis of a cause of action for
unconscionability, it does not apply to the former. And, of course, the evidence does not address
the claim for misrepresentation.
12.   Gregory alleged that it cost approximately $2,000 to correct defective workmanship.
13.   The only grounds on which the judgment rested related to the cost of changes and
additions.
14.   This judgment stated that it was final and included a Mother Hubbard clause.