Opinion issued November 13, 2008
 













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00230-CV




JUAN LARA-ROBLEDO, Appellant

V.

ROBERT SALMONS d/b/a SAGA CITY DEVELOPMENT CO., Appellee



On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2006-44442
 

 

 
 
 
MEMORANDUM OPINION
          The trial court granted the combined traditional and no-evidence motion for
summary judgment of appellee, Robert Salmons. In his sole issue, appellant, Juan
Lara-Robledo, contends that he presented sufficient evidence to create a genuine
issue of material fact on the issue of partnership liability. We affirm.Facts
          Lara-Robledo cut his hand with a saw while working on a residential
remodeling job. He sued both Aurelio Ramirez, who had hired him, and Salmons
“d/b/a Saga City Development Co.” Salmons answered, specifically denying that
Saga City, a general partnership in which Salmons and Ramirez were partners, had
been involved in the project on which Lara-Robledo had been hurt. Lara-Robledo
took a default judgment against Ramirez. The trial court severed the actions, and
Salmons filed a combined traditional and no-evidence motion for summary judgment.
The trial court granted the motion.
          In his sole issue, Lara-Robledo contends that the trial court erred because the
default judgment he obtained against Aurelio Ramirez constitutes a judgment against
the Saga City partnership for which Salmons is jointly and severally liable. We
disagree. A partnership is an entity legally distinct from its partners. See Texas
Westheimer Corp. v. 5647 Westheimer Associates, 68 S.W.3d 15, 21 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (citing Haney v. Fenley, Bate, Deaton,
and Porter, 618 S.W.2d 541, 542 (Tex. 1981)); Tex. Rev. Civ. Stat. Ann. art.
6132b, § 2.01 (Vernon Supp. 2008). In order to assert a cause of action against a
partnership, a petition must allege that a partnership exists and state the name of the
partnership; it then must list all of the partners and state that they are being sued in
their capacity as partners. See Ben Fitzgerald Realty Co. v. Muller, 846 S.W.2d 110,
115 (Tex. App.—Tyler 1993, writ denied); see also Texaco, Inc. v. Wolfe, 601 S.W.2d
737, 740 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.). A judgment
may be entered against a partner who has been served with process in a suit against
the partnership. See Tex. Rev. Civ. Stat. Ann. art. 6132b, § 3.05(c) (Vernon Supp.
2008). While appellant served both Ramirez and appellee, his original petition did not
allege a partnership. Appellant’s later pleadings, while they discuss the Saga City
partnership, do not allege a cause of action against the partnership, name the
partnership as a defendant, or state that the partners are being sued in their capacity
as partners.
          Appellant named Ramirez and Salmons as defendants “d/b/a Saga City
Development Co.” in his original petition, but alleging that a person is doing business
as an entity does not make that entity a party to the lawsuit unless the entity is also
named as a defendant. See Wolfe, 601 S.W.2d at 741-42 (suing individual partners
“doing business as Wolfe Construction Company ... jointly and severally” did not
make Wolfe Construction Company a party to the suit). Because Lara-Robledo failed
to file suit against the Saga City partnership, we hold that Salmons cannot be held
liable on the basis of Lara-Robledo’s default judgment against Ramirez.
          We overrule Lara-Robledo’s sole issue.Conclusion
          We affirm the judgment of the trial court.

  
 
                                                                                                    George C. Hanks, Jr.
                                                                        Justice
 

          Panel consists of Justices Jennings, Hanks, and Bland